U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED
NOV 26 2007
ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| ELIAZAR CRUZ<br>        FED. REG. NO. 71772-079 | CIVIL ACTION NO. 07-1472 |
| VS. | SECTION P<br>JUDGE DRELL |
| FREDRICK MENIFEE, WARDEN | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the court is Eliazar Cruz's *pro se* petition for writ of *habeas corpus* (28 U.S.C. §2241) filed on September 4, 2007. Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP). He is incarcerated at the United States Penitentiary, Pollock, Louisiana and he complains that he was wrongfully convicted of a prison disciplinary violation which resulted in the forfeiture of some good time credits and the imposition of other sanctions. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE.**

### Statement of the Case

Petitioner, along with inmates Reyes-Salazar and Miramontes, were accused of assaulting inmate Diaz on October 10, 2005. According to an investigation completed on October 27, 2005, petitioner and his companions were identified by staff as having assaulted inmate Diaz by striking him with their fists and

kicking him with their boots. [doc. 1, p. 11]

Petitioner was formally charged with assault and advanced written notice of the charge was given to him on May 18, 2006.[1] Prior to the hearing conducted on May 28, 2006, petitioner was advised of his rights. Petitioner waived his right to be represented by a staff representative. He advised the Disciplinary Hearing Officer (DHO) that he understood his rights. He denied the charge, waived his right to call witnesses, and advised the DHO that he was ready to proceed. [doc. 1, p. 10] At the hearing, the DHO relied upon the statements contained in the Incident Report, including the SIS investigation with supporting memoranda as well as photographs and injury assessment reports. At the conclusion of the hearing, the DHO determined that petitioner was guilty of the October 10, 2005 assault on inmate Diaz. According to the findings,

> Responding staff observed you and other inmates hitting and kicking inmate Diaz on C yard. Upon staff arrival you were ordered to remain but you went into C unit. An injury assessment documented specific injuries which are indicative of an assault on inmate Diaz. Your injury assessment did not indicate any injuries but you were seen by staff with other inmates kicking and/or hitting inmate Diaz which would not result in an injury on your part.
>
> The DHO based his decision on the greater weight of evidence provided by staff that you committed the prohibited act of code 224. The decision was based on

---

[1] Petitioner successfully appealed the original DHO proceedings and the Regional BOP Administrator directed the prison staff to amend and re-write the original defective incident report. See doc. 1, p. 15.

Page 2

> several specific reasons, to include the eyewitness accounts of several staff that placed you at the incident and observed you kicking and/or hitting inmate Diaz. Inmate Diaz had injuries consistent with an assault occurring. Your defense was that you were in the housing unit at the time of the incident. Several staff observed you at the scene actively involved in assaulting inmate Diaz. You were ordered to remain at the scene and you were observed by staff leaving the scene of the assault and entering the housing unit.[doc. 1, p. 9]

As a result of the adjudication, petitioner was sanctioned with the forfeiture of 27 days of Good Conduct Time, 30 days of disciplinary segregation, 3 months loss of commissary privileges, and 3 months loss of telephone privileges. The latter sanction was suspended. [doc. 1, p. 8]

On July 6, 2006 petitioner submitted an appeal to the Regional Office. [doc. 1, pp. 15-16] On November 9, 2006, petitioner's appeal was denied by the Regional Administrator who found, among other things,

> The record of this disciplinary action reflects you were advised of your rights and afforded the opportunity to exercise those rights in accordance with Program Statement 5270.07, Inmate Discipline and Special Housing Units. After thorough review of the incident report, the investigation, the evidence and related documentation, there appears to be sufficient evidence presented to support the DHO's decision. You were identified by staff as being involved in the assault by punching and kicking the victim. The DHO took into account your statement when making the determination the greater weight of evidence supported you committed the prohibited act. [doc. 1, p. 13]

Petitioner appealed the DHO adjudication to the Central Office on

November 27, 2006. [doc. 1, p. 14] He apparently submitted a document dated January 3, 2007, purporting to be the "Affidavit" or statement of BOP Inmate Antonio Altato-Pues. According to the "Affidavit", Altato-Pues admitted that he, and not petitioner, assaulted Inmate Diaz on October 10, 2005. [doc. 1, p. 7]

Nevertheless, on February 1, 2007, the Central Office denied relief noting,

> Review of this disciplinary action reveals substantial compliance with Program Statement 5270.07 ... This P.S. states that the decision of the DHO shall be based on at least some facts, and if there is conflicting evidence, it must be based on the greater weight of the evidence. Accordingly, we find that the DHO detailed in Section V of the DHO Report the specific evidence relied upon to support a finding that you committed the prohibited act ... and we agree that it is reasonable to make that finding. [doc. 1, p. 6]

Petitioner filed his federal *habeas corpus* petition on September 4, 2007. The petition argues a single ground for relief, "On [June 12, 2006] petitioner was found guilty by the [DHO] of committing an assault and 27 days good time was taken from this petitioner. This petitioner contests that he did not commit the assault and that the inmates that did commit the act affidavits are attached in support to this fact." [doc. 1, p. 5]

## Law and Analysis

To the extent that petitioner contends that the disciplinary hearing resulted in the deprivation of liberty without due process, his claim is without merit. Due process in this context requires: (1) at least twenty-four hours written notice of the

charges, (2) the opportunity to present evidence, and (3) written findings in support of the disciplinary authority's ruling. Thompson v. Cockrell, 263 F.3d 423, 428 n.4 (5th Cir.2001). Further, when necessary, an inmate must be afforded the right to seek the aid of a fellow inmate or its equivalent in presenting his case at the disciplinary hearing. Wolff v. McDonnell, 418 U.S. 539, 563-70 (1974).

In the instant case, the evidence establishes that petitioner was given written notice of the charges more than twenty-four hours in advance of the disciplinary hearing; he was given the opportunity to submit evidence in support of his claims; and, written findings of the DHO's conclusions were provided to him. Furthermore, the evidence establishes that petitioner was advised of and waived his right to the assistance of a staff representative at the hearing. [doc. 1, p. 10] Thus, petitioner was afforded all the procedural process he was due and the implication that he was denied due process is refuted by the record.

That does not end our inquiry since the decision to revoke good-time credits following a prison disciplinary hearing comports with the minimum requirements of due process only when "some evidence" in the record supports the DHO's findings. See Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 454-55 (1985). "[P]rison disciplinary proceedings will be

overturned only where there is <u>no evidence whatsoever to support the decision of the prison officials</u>." <u>Reeves v. Pettcox</u>, 19 F.3d 1060, 1062 (5th Cir.1994)(emphasis supplied).

In determining whether "some evidence" in the record supports the conclusion reached by the DHO, the *habeas corpus* court need not examine the entire record, independently assess the credibility of witnesses, nor weigh the evidence. <u>Hill</u>, 472 U.S. at 455-56.

Petitioner disagrees with the DHO's evaluation of the evidence that was presented. He maintains that he did not participate in the assault on inmate Diaz. Nevertheless, petitioner has not presented any actionable due process violation with respect to the presentation of evidence at the disciplinary hearing. The record of the hearing provides a detailed account of the DHO's findings, which were delivered to petitioner as mandated by <u>Wolff</u>. The DHO's findings were based on "some evidence," as the record clearly contains the following eye-witness evidence: "... the investigation of the matter by the <u>reporting lieutenant</u>, who stated he <u>observed you</u> and other inmates hitting and kicking inmate Diaz ... <u>you were seen by staff</u> with other inmates kicking and/or hitting inmate Diaz..." [doc. 1, p. 9] Clearly, this provides the minimum evidence necessary to comport with due process. In short, the record of the disciplinary hearing demonstrates that petitioner was

Page 6

provided all of the process he was due. The record further establishes sufficient evidence of guilt. Accordingly,

**IT IS RECOMMENDED THAT** petitioner's Petition for Writ of *Habeas Corpus* be **DENIED** and **DISMISSED WITH PREJUDICE.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this _26th_ day of _November_, 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE